UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JOSEPH BARBATO,**

    **Plaintiff,**

v.                                                                                              CASE NO. :

**EVOLUTION METALS CORP.,**
**and WILLIAM D. WILCOX, JR.,**
**an individual,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSEPH BARBATO ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, EVOLUTION METALS CORP. ("Evolution Metals"), and WILLIAM D. WILCOX, JR. ("Wilcox"), in his individual capacity (collectively, "Defendants"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., in addition to an action for breach of contract and for unpaid wages under the Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq., and supplemental jurisdiction under 28 U.S.C. § 1367 over the breach of contract and Florida common law unpaid wages claims because they are so related to the FLSA claim that they form part of the same case and controversy under Article III of the United States Constitution.

3. Venue is proper in the Southern District of Florida because the events giving rise to these claims occurred in Palm Beach County, Florida, and the contract at issue dictates that matters of litigation be brought in West Palm Beach, Florida, which lies in the Southern District of Florida – West Palm Beach Division.

**PARTIES**

4. Plaintiff is a resident of Rockland County, New York.

5. Defendants operate a mining, refining, and specialty chemicals company in Palm Beach, Florida, in Palm Beach County.

6. Defendant Evolution Metals is a Florida corporation owned and managed by Defendant Wilcox.

7. Defendant Wilcox is the President and Chief Executive Officer of Defendant Evolution Metals.

**GENERAL ALLEGATIONS**

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA and was thus subject to the individual coverage of the FLSA.

9. As part of his regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants Evolution Metals and Defendant Wilcox were "employers" within the meaning of the FLSA.

12.     As part of Defendant Wilcox's President and CEO duties he: (1) has the power to hire and fire employees, (2) supervises and controls employee work schedules or conditions of employment, (3) determines the rate and method of compensation, and (4) maintains employment records.

13.     Defendant Wilcox supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. He also determined the rate and method of compensation for Plaintiff and maintained his employment records.

14.     Through the exercise of dominion and control over all employee-related matters at Defendant Evolution Metals, Defendant Wilcox, in his individual capacity, is also an "employer" within the meaning of the FLSA.

15.     Defendants continue to be "employers" within the meaning of the FLSA.

16.     At all times material hereto, Evolution Metals was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

17.     At all times material hereto, the annual gross sales volume of Defendant Evolution Metals exceeded $500,000 per year.  Thus, Evolution Metals was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

18.     At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendants.

19.     Plaintiff has satisfied all conditions precedent, or they have been waived.

20.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

21.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

22. Plaintiff worked for Defendants from February 1, 2020, to October 6, 2022 as the Chief Operating Officer.

23. Plaintiff left a lucrative job for the Chief Operating Officer role with Defendants.

24. In February 2020, Defendant Evolution Metals retained Plaintiff pursuant to the attached employment agreement, drafted by Defendant Evolution Metals, memorialized as the "Employment, Confidentiality & Non-Disclosure Agreement" ("Agreement"). *See* Exhibit A.

25. In particular, the Agreement provides that Plaintiff will earn a salary of $250,000 per annum, payable bi-monthly. *See* Exhibit A, "Addendum A."

26. Therefore, bi-monthly, Plaintiff should have received the gross amount of $10,416.67.

27. Plaintiff fulfilled his obligations to Defendants.

28. Plaintiff was never paid bi-monthly.

29. Beginning from the very first pay period, in February 2020, and continuing until his last day of employment, Plaintiff experienced issues with his pay. Paychecks were far and few between.

30. Plaintiff was paid less than minimum wage during portions of his employment with Defendant.

31. In fact, Plaintiff did not receive his first paycheck until December 2020, despite being employed by Defendants, and performing work for Defendants, since February 1, 2020.

32. Then, in 2021, Plaintiff only received two pay checks over the course of the entire year—one paycheck in January 2021 and one paycheck in May 2021.

33. In 2022, he received one paycheck in July 2022.

34. In total, Defendants paid Plaintiff $99,927.51 for his entire thirty-two-month tenure with Defendants.

35. Per the Agreement, Plaintiff should have been paid approximately $666,666.56 for his entire thirty-two-month tenure with Defendants.

36. Thus, Defendants owe Plaintiff around $566,739.05 in unpaid wages.

37. In 2020, Defendants paid Plaintiff a total of $27,190.17. In 2020, Plaintiff worked a minimum of 40 hours per week from February 1, 2020 to December 31, 2020.

38. In 2021, Defendants paid Plaintiff a total of $55,152.28. In 2021, Plaintiff worked a minimum of 40 hours per week from January 1, 2021 to December 31, 2021.

39. In 2022, Defendants paid Plaintiff a total of $17,585.06. In 2022, Plaintiff worked a minimum of 40 hours per week from January 1, 2022 to June 30, 2022. From July 1, 2022, to October 6, 2022, Plaintiff worked, on average, 25 hours per week.

40. Accordingly, to date, Plaintiff has not been paid in full for all the wages that he earned while working for Defendants.

41. Plaintiff's unpaid salary constitutes "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

42. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and Plaintiff was not paid at least the applicable FLSA minimum wage for all the hours that he worked.

43. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION**

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

45. During the statutory period, Plaintiff worked for Defendants, and he was not paid the applicable statutory minimum wage for the hours that he worked, as mandated by the FLSA, 29 U.S.C. § 206.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

47. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages, computed at the applicable statutory minimum wage;

b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – BREACH OF CONTRACT

48. Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

49. Beginning on February 1, 2020, when Plaintiff began his employment with Defendant Evolution Metals, Defendant Evolution Metals was contractually bound to pay Plaintiff bi-monthly in order to avoid a breach of contract.

50. Defendant Evolution Metals did not pay Plaintiff the salary that was required under the contractual agreement executed by Plaintiff and Defendant Evolution Metals.

51. Defendant Evolution Metals' failure to pay Plaintiff his salary constitutes a material breach of contract.

52. As a result of Defendant Evolution Metals' breach, Plaintiff suffered damages that were foreseeable at the time that the parties entered into the Agreement, including but not limited to lost wages and benefits that Plaintiff would have earned under the Agreement.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) That this Court award Plaintiff damages for breach of contract;

    d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e) For such further relief as this Court deems just.

## COUNT III - UNPAID WAGES UNDER FLORIDA COMMON LAW

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

54. During the statutory period, Plaintiff worked for Defendant Evolution Metals, and Defendant Evolution Metals agreed to pay Plaintiff for Plaintiff's employment.

55. Defendant Evolution Metals failed to pay Plaintiff all wages owed to Plaintiff.

56. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant Evolution Metals for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 27th day of December, 2023.

Respectfully submitted,

*/s/ Ashwin R. Trehan*
**Ashwin R. Trehan**
Florida Bar Number: 42675
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-774-3391
Facsimile No.: 813-229-8712
Email: atrehan@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**